UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

CYNTHIA DELIAH TAYLOR            Case No. 01-15305-MAM-13

    Debtor

CYNTHIA DELIAH TAYLOR,
individually and on behalf of all
others similarly situated

    Plaintiff

vs.            Adv. No. 06-01139

CHASE HOME FINANCE L.L.C.

    Defendant

## ORDER GRANTING CHASE HOME FINANCE L.L.C.'S MOTION UNDER RULE 7023(d)(1)(D) AND LIMITING THE CLASS TO THE SOUTHERN DISTRICT OF ALABAMA

LeAnn Pedersen Pope, Burke, Warren, Mackay & Serritella, P.C., 330 North Wabash, 22nd Floor, Chicago, IL 60611-3607
Steven J. Shaw, Stephens, Millirons, Harrison & Bammons, P.C., P.O. Box 307, Huntsville, AL 35804
Steve Olen and Steven L. Nicholas, Cunningham Bounds, LLC, P.O. Box 66705, Mobile, AL 36660

This adversary proceeding is before this Court on the defendant's Motion to Amend the

Pleadings pursuant to Fed. R. Bankr. P. 7023(d)(1)(D). This Court has jurisdiction to hear this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to

1

enter a final order. For the reasons indicated below, the Court is granting the motion to the extent of requiring the class be limited to debtors who filed cases in the Southern District of Alabama.

## FACTS

Cynthia Taylor has filed a complaint alleging that Chase Home Finance L.L.C. has filed "improper and false affidavits, declarations or certifications" in her bankruptcy case. Specifically, she asserts that the affidavits and/or other documents were improper and false because the signature pages were executed "separate and apart" from the other pages of the affidavits and/or other documents. The debtor also asserts that she is representative of a class of debtors who have all had improper or false affidavits filed in their bankruptcy cases. The class complaint does not indicate the size of the class that should be approved

The complaint states that the suit is brought pursuant to 11 U.S.C. § 105 and/or the Court's inherent powers. The plaintiff asserts that Chase violated the Bankruptcy Code and Rules, committed an abuse of process and a fraud on the court. The relief sought is disgorgement of fees or other charges posted to debtors' accounts in connection with motions brought by Chase in which "improper or false" affidavits, declarations or certifications were used; punitive damages; and/or attorneys fees and costs.

Ms. Taylor seeks discovery of facts relevant to all "improper and false" affidavits, declarations and/or certifications filed nationwide. Chase resists such broad discovery and, by this motion, seeks to limit the extent of any class to this district.

## LAW

2

Chase moves the Court to require Taylor to amend her complaint to eliminate allegations regarding bankruptcy debtors outside the Southern District of Alabama. The motion is made pursuant to Fed. R. Bankr. P. 7023(d)(1)(D) which provides that:

> In conducting an action under this rule, the court may issue orders that:
> * * * * *
> (D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly

Chase bears the burden of proving the propriety of its motion at this point in the case. Case law establishes that "the sufficiency of class allegations should be determined in the context of a motion for class certification and that this process may not be circumvented by a motion to strike." *Rahman v.Smith & Wollensky Restaurant Group, Inc*., 2008 WL 161230 (S.D.N.Y. 2008). In *Rahman*, the Court also indicated that "where the basis for the motion to strike is distinct from [the class certification factors,] '[a] court may order deletion of portions of a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims.'" (citing to 5 MOORE'S FEDERAL PRACTICE § 23-145 (3d ed. 2007). The Court, at this stage in the case, must assume that the plaintiff's statements in her complaint are true. *Andrews v. Home Depot USA, Inc*., 2005 WL 1490474 (D.N.J. 2005); *Rios v. State Farm Fire & Cas. Co.*, 469 F.Supp. 727 (S.D. Iowa 2007). Therefore, the Court must assume that Chase failed to comply with notarization requirements of some or all of the states in the United States when filing affidavits, declarations or certifications in the bankruptcy courts.

The Court concludes that Chase Home Finance's motion is appropriate because whether this Court, or any court, has the inherent power to sanction or otherwise punish a party and whether § 105 alone empowers a court to deal with bankruptcy cases in other jurisdictions is an

3

issue not dealt with in the class certification hearing. Therefore, the Court will discuss whether a nationwide class could under any circumstances be appropriate in this adversary case, and, if not, what size class, geographically, would be appropriate.

A.
This Case Involves State Law Issues.

This Court has held that a bankruptcy court has jurisdiction to handle a nationwide class action case if the cause of action is one tied solely to a Bankruptcy Code or Rule violation and not to other state or federal law. *Harris v. First Union Mortgage Corp. (In re Noletto)*, 244 B.R. 845 (Bankr. S.D. Ala. 2000).

Is this suit solely a bankruptcy law cause of action? Taylor seeks relief for improper or false affidavits which constitute an abuse of process or fraud on the court. The complaint states that Taylor is relying upon Bankruptcy Code section § 105 or the inherent powers of the court.

However, the plaintiff is relying on more than that. She is asserting that the affidavits violate the state laws regulating notaries public and notary practices in each state in which the affidavits were filed. A violation of notary statutes underpins each assertion of "improper or false" notarization. *See*, *e.g.*, *Thigpen v. Matrix Financial Services Corp. (In re Thigpen)*, Adv. Case No. 04-01035, Case No. 02-14280, Order Denying Defendant's Motion to Dismiss and Denying any Further Stay of Discovery (Bankr. S.D. Ala. May 25, 2004). Without this violation, there is no abuse or fraud. Therefore, the cause of action is a state law and a federal bankruptcy law action or a state law action and an inherent power of the court action. It is not solely a federal bankruptcy law action.

4

B.
## With A State Law Basis to the Cause of Action, The Claim Is Not Solely A Federal Law Claim.

The complaint states that affidavits, once improperly or falsely notarized, are an abuse of process under 11 U.S.C. § 105 or an abuse of the court system or a contempt sufficient to invoke a federal court's inherent power to punish abuses in federal court. Does this allegation make the cause of action one solely under federal law? This Court concludes it does not. The Court will discuss section 105 and a federal court's inherent power below.

1.
## Section 105

Section 105 of the Bankruptcy Code states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

It is not a substantive section of the Bankruptcy Code. It does not create any substantive rights on its own. *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136 (2nd Cir. 2005)(stating that "section 105 does not allow the bankruptcy court 'to create substantive rights that are otherwise unavailable under applicable law'")(citing *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.),* 351 F.3d 86, 92 (2nd Cir. 2003)). *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002), a bankruptcy class action case in which the debtor attempted to use §105 as a substantive law source for a cause of action for violation of the discharge injunction, held that violations of section 524 could not be remedied through section 105 except

5

by way of a contempt proceeding. *Barrett v. Avco Financial Services Management Company*, 292 B.R. 1 (D. Mass. 2003), held the same in regard to section 105, relying on an earlier case in the First Circuit. It stated that "*Bessette III* [*Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442 (D.R.I. 2002)] should be read narrowly as barring a nationwide class for alleged violations of section 524 where the *only* cause of action is for contempt pursuant to section 105, not as precluding a nationwide class action in other bankruptcy contexts." *Id.* at 9. Section 105 solely allows a judge to do what is necessary to implement what other sections of the Bankruptcy Code provide. *In re UAL Corp.,* 412 F.3d 775, 778 (7th Cir. 2005)(stating that "[section 105] is a means to enforce the code rather than an independent source of substantive authority"(cite omitted)); *Beck v. Gold Key Lease, Inc.,* 283 B.R. 163, 170 (Bankr. E.D. Pa. 2002) (holding that use of a court's contempt powers or §105 to enforce orders in other courts is "unwarranted"); *(Taylor v. U.S. Dep't. of Education (In re Taylor)*, 263 B.R. 139 (N.D. Ala. 2001).

2.<br>Inherent Power

Is a court's power under its inherent powers any broader or different than its powers under § 105? This Court concludes its power is no broader than its own district under its inherent powers too.

> The inherent powers of federal courts are those which "are necessary to the exercise of all others." *United States v. Hudson*, 7 Cranch 32, 34, 3 L. Ed. 259 (1812). The most prominent of these is the contempt sanction, "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court . . ." *Cooke v. United States*, 267 U.S. 517, 539, 45 S.Ct. 390, 395, 69 L.#d. 767 (1925).
> *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

The published cases on inherent power that this court has been able to find all deal with a court

punishing inappropriate behavior in cases that were brought in that court. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987); *U.S. v. Barnett*, 330 F.2d 369 (5th Cir. 1963); *In re Hecker*, 2008 WL 283282, *4 (11th Cir. 2008); *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006); *In re Sims*, 278 B.R. 457 (Bankr. E.D. Tenn. 2002) (including a listing of many bankruptcy court cases). The Court concludes that there is no right to sanction or police the cases of others because the affront to the system did not occur in this court. *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995) (denying request for sanctions based on false declarations filed in another case because "the district court did not have the power to sanction conduct that occurred in a different court, in a different case"); *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1024 (5th Cir. 1991) (denying sanctions request because a federal court's inherent power to sanction does not include a power to sanction for conduct in litigation that is not before that court).

### C.

This Court left open in earlier orders the issue of whether a class larger than debtors in this district could be certified. There was no need to face that problem. Chase Home Finance's motion has put the matter squarely before the Court. Unlike prior cases, where § 105 was not the sole basis for the ruling, and, in fact, the claim arose directly from a substantive Bankruptcy Code provision, this case must rise or fall on the court's power to enforce state law under § 105 or a court's inherent powers. According to case law, the authority of federal judges under § 105 or their inherent powers is limited to their own districts or cases.

### CONCLUSION

If the complaint allegations are true, Chase Home Finance L.L.C. may have abused the

system and be subject to sanction for its activities. However, the action to be taken against Chase will need to be taken in each district because that is where the affront occurred. The cause of action is one based upon state law that 11 U.S.C. § 105 or the inherent power of the court gives a federal bankruptcy court the right to sanction.

THEREFORE, IT IS ORDERED that the Motion of Chase Home Finance L.L.C. under Fed. R. Bankr. P. 7023(d)(1)(D) is GRANTED to the extent of limiting any class certified in this case to debtors in the Southern District of Alabama.

Dated:   May 19, 2008

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE